United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America<br>Plaintiff,<br><br>v.<br><br>Serge St-Vil, Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 12-20768-Cr-Scola |

### Order Denying Motion for Injunctive Relief

This matter is before the Court on Petitioner Erna Saint-Vil's Motion for Injunctive Relief Pursuant to Fed. R. Civ. P. 58 (a)(I) (ECF No. 240). The Petitioner, proceeding pro se, alleges that, in 2011, the Government froze funds that she held in a joint bank account with Defendant Serge St-Vil. (*Id.* at 1.) In response, the Government clarifies that it did not freeze the account; rather, the United States Secret Service executed a seizure of $2,093 from the account pursuant to a warrant. (Resp. at 2, ECF No. 242.) As such, the Government asserts that the motion should be construed as a motion to set aside forfeiture pursuant to 18 U.S.C. § 983(e). (*Id.* at 1-2.) The Court agrees.

18 U.S.C. § 983 governs relief sought by a party whose property is subject to non-judicial or administrative forfeiture. These procedural rules direct that, following any seizure of property subject to administrative forfeiture, the Government provide notice by publication and written notice to parties that might have an interest in the subject property. 18 U.S.C. § 983(a). The published notice must run "for at least three successive weeks in a newspaper generally circulated in the judicial district where the property was seized." *See* 19 U.S.C. § 1607(a); 28 C.F.R. § 8.9(a). In addition, a written notice that includes information on the applicable procedures and deadlines for filing a claim must be sent to "each party who appears to have an interest in the seized article." *See* 19 U.S.C. § 1607(a); 28 C.F.R. § 8.9(a).

A person may seek relief in district court after their property is non-judicially forfeited if the Government fails to comply with all applicable notice requirements. 18 U.S.C. § 983(e). A motion to set aside forfeiture will be granted if the moving party is able to establish both that:

(A) The Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; and
(B) The moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim.

18 U.S.C. § 983(e)(1)(A)-(B). Furthermore, in order to satisfy due process, the Government must show that the notice was "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mesa Valderrama v. United States,* 417 F.3d 1189, 1196-97 (11th Cir. 2005) (*quoting Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950)) (internal quotations omitted). Actual notice is not required; the Government need only prove an attempt to provide actual notice. *Id.*

The record reflects that the Government did, in fact, attempt to provide the Petitioner with actual notice. First, on April 7, 2011, the U.S. Secret Service sent a notice of seizure and non-judicial forfeiture to the Petitioner at the mailing address provided by the bank. (Resp. ¶ 7 and Ex. 4.) Second, after the notice was returned because the Petitioner had apparently moved, the U.S. Secret Service published notice of the seizure and forfeiture in the Wall Street Journal. (*Id.* ¶¶ 9-10 and Ex. 5.) This notice was published for three successive weeks, in accordance with 19 U.S.C. § 1607(a). (*Id.* ¶ 10 and Ex. 5.)

In light of the foregoing, the Petitioner cannot establish that the Government failed to take reasonable steps to provide her with notice. In addition, the Court finds that the notice was reasonably calculated under the circumstances to apprise the Petitioner of the seizure and provide her with an opportunity to present her objections. *See Mesa Valderrama,* 417 F.3d at 1196-97. Accordingly, the Court **denies** Petitioner Erna Saint-Vil's Motion for Injunctive Relief Pursuant to Fed. R. Civ. P. 58 (a)(I)  (**ECF No. 240**).

**Done and ordered**, at Miami, Florida, on July 26, 2017.

Robert N. Scola, Jr.
United States District Judge